**James Daniel THOMPSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37759.**

Court of Criminal Appeals of Texas.

Feb. 17, 1965.

Alfred J. Jackson, Jr., Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight and R. J. Adcock, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for felony theft with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

Zelvin Ethley testified that he parked his 1955 Oldsmobile on a street in Fort Worth. Soon thereafter, Ethley returned to the place where he had parked the Oldsmobile, discovered that it was missing, and then notified the police, giving them the description and license number. He testified that he did not give anyone his consent to take the Oldsmobile.

Shortly after Ethley discovered that his Oldsmobile was missing, the appellant was seen in it near the house of R. C. Britt. The appellant, who was alone in the automobile, asked Britt to assist him in starting the motor, which he did, and Britt followed as the appellant drove the Oldsmobile into a service station. The motor failed again and Britt declined to help appellant start it. At this time he asked to see appellant's driver's license, and appellant replied that he did not have it. After Britt refused appellant's request that he (Britt) take him to another place, the appellant walked away from the station.

While testifying, the operator of the service station identified the appellant as the person who wanted him to start an Oldsmobile which the witness Britt had pushed into his station. When the station operator told him to try to start it, the appellant said he did not have a key, and that "you will have to jiggle something under the hood there to start it." Then the station operator told the appellant he would have to get a key. In a short time the appellant left the car in the driveway and walked away.

While Officer Durant, who had determined that the Oldsmobile was stolen, was obtaining the description of the man driving it, the appellant returned to the station and was taken into custody.

The testimony reveals that the Oldsmobile was of the value of more than fifty dollars at the time it was taken from the owner.

Proof was introduced of the prior felony convictions as alleged and of the identity of the appellant as the same person so convicted. Also, said convictions were admitted by the appellant, while testifying.

Testifying in his own behalf, the appellant stated that he was drunk at the times here in question, and that he could not remember anything when drunk; that he had never seen Britt or the station operator before the trial; that he never drove the Oldsmobile, as he had not driven an automobile since 1951. The appellant further testified that he and a friend were walking by the station on their way to a store to purchase some wine when the officer arrested him. Further, the appellant admitted the prior convictions, as alleged.

There are no formal bills of exception and no objections to the court's charge.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.